Alfred LUCAS, Relator,

v.

GRAIN BELT BREWING COMPANY, et al., Respondents.

No. 82–146.

Supreme Court of Minnesota.

Nov. 19, 1982.

Seifert, Weinard & Maertz, Bloomington, for appellant-relator.

Michael D. Aafedt, Minneapolis, for respondents.

AMDAHL, Chief Justice.

At issue in this case is whether the Workers' Compensation Court of Appeals erred in refusing to award attorney fees from supplementary benefits payable for a period prior to July 1, 1981, the effective date of Minn.Stat. § 176.133 (Supp.1981). We hold that it did not.

Employee filed a claim petition in June 1979 seeking compensation for temporary total disability from September 8, 1976, and permanent partial disability of his legs, allegedly consequences of a work-related injury he sustained in February 1966. The employer-insurer contested his claims, but the parties ultimately negotiated a stipulation for settlement, submitted to the Workers' Compensation Division for approval in October 1981, which provided that the employer-insurer would pay employee $10,890 for 242 weeks of temporary total disability benefits beginning September 8, 1976, and would pay him $19,152.55 for supplementary benefits for the same period. Employee's attorney also petitioned pursuant to Minn.Stat. § 176.081, subd. 1 (Supp.1981), for attorney fees of $6,208.51—25% of the first $4,000 and 20% of the balance including the supplementary benefits.

A compensation judge approved the proposed settlement and ordered an award of compensation to employee as provided therein, but directed that employee's attorney be paid $2,378 for his fee—25% of the first $4,000 and 20% of the remaining $6,890 payable for disability compensation. He refused to award attorney fees from the award of supplementary benefits on the ground that doing so would require retroactive application of Minn.Stat. § 176.133 (Supp.1981). The Court of Appeals agreed and affirmed the order.

Minn.Stat. § 176.133 (Supp.1981) provides in relevant part:

Attorney's fees may be approved by a compensation judge or by the workers' compensation court of appeals from the supplementary workers' compensation benefits provided by section 176.132 if the case involves the obtaining of supplementary workers' compensation benefits.

The provision was enacted by the legislature in an extensive revision of the workers' compensation laws. Act of June 1, 1981, ch. 346, 1981 Minn.Laws 1611. It significantly modified Minn.Stat. § 176.133 (1980), which had provided that the Court of Appeals could not award attorney fees from supplementary benefits "unless the case solely involves the obtaining of supplementary workers' compensation benefits." Employee's attorney urges that the change clearly demonstrates legislative intent that if an employee's entitlement to supplementary benefits is in issue, attorney fees are properly payable from them. This is true with respect to supplementary benefits payable for a period after the effective date of the revised section 176.133. That date was expressly stated by the legislature to be July 1, 1981. Act of June 1, 1981, ch. 346, § 146, 1981 Minn.Laws 1693. The general rule, stated in Minn.Stat. § 645.21 (1980) prohibits construction of a statute as retroactive "unless clearly and manifestly so intended by the legislature." In this case, by explicitly providing that the effective date of section 176.133 (Supp.1981) was July 1, 1981, the legislature has clearly and unambiguously demonstrated its intent that the statute not receive retroactive application. Consequently, the applicable statute is Minn.Stat. § 176.133 (1980), which plainly does not permit an award of attorney fees payable from the supplementary benefits awarded employee.

Our conclusion makes unnecessary a review of an alternate ground advanced by the Court of Appeals for its decision.

Affirmed.